# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL A.,** | Civil Action No. 18-11572 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **TOM DECKER, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Daniel A., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition (ECF No. 4). Petitioner did not file a reply. (ECF Docket Sheet). For the following reasons, this Court will deny Petitioner's habeas petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Haiti who entered the United States as a lawful permanent resident in March 1982. (Document 1 attached to ECF No. 4 at 2). During his time in this country, Petitioner has amassed a lengthy criminal history including 2003 convictions for promoting prison contraband and unlawful possession of marijuana in New York, a 2006 conviction for criminal possession of marijuana in New York, and a 2013 conviction for robbery in New York. (*Id.*). Following Petitioner's release from prison on his robbery conviction, Petitioner was served with a notice to appear and taken into immigration detention pursuant to 8 U.S.C. § 1226(c) on April 23, 2015. (*Id.* at 3). In November 2015, however, Petitioner received

1

a bond hearing in New York pursuant to the Second Circuit's now vacated decision in *Lora v. Shanahan*, 804 F.3d 601 (2015), *vacated*, 138 S. Ct. 1260 (2018), and was released on $1,500 bond. (Document 1 attached to ECF No. 4 at 3). This bond grant was eventually overturned in July 2016 by the Board of Immigration Appeals. (*Id.* at 5).

Although Petitioner appeared for several hearings in his removal proceedings prior to his release, upon his release on bond Petitioner ceased to attend his immigration hearings. (*Id.* at 3-4). It appears that Petitioner was briefly committed to a mental hospital in Queens in late November 2015. (*Id.* at 4). Based on this commitment, Petitioner failed to attend an immigration hearing on November 30, 2015. (*Id.*). Petitioner also failed to attend his next scheduled hearing in April 2016. (*Id.*). At that time, Petitioner's previous immigration counsel moved to withdraw from his representation as he did not know where Petitioner was and could not proceed on his behalf as such. (*Id.*). An immigration judge granted that request. (*Id.*).

During the April 2016 hearing, the immigration judge also raised the issue of Petitioner's competency to proceed with his removal proceedings. (*Id.* at 4-5). The Government at that time informed the immigration judge that it believed that Petitioner's presence was required to make any determination as to his competency, and objected to the immigration judge's desire to administratively close Petitioner's removal proceedings. (*Id.* at 5). The Government also expressed at that time that it had learned that Petitioner may have been arrested on weapons charges, though the record does not clearly indicate the nature of that arrest or its eventual result. (*Id.*). Another hearing was then held in May 2016, but Petitioner again failed to attend. (*Id.*). The immigration judge then required the Government to update the court as to Petitioner's detention status, if any, and ordered the Government to show cause why Petitioner's case should not be administratively closed. (*Id.*). The immigration judge held another hearing in January 2017, which

Petitioner again failed to attend. (*Id.* at 6). At that hearing, the immigration judge refused to conduct removal proceedings in absentia and again adjourned Petitioner's proceedings. (*Id.*). Prior to the next scheduled hearing, however, the immigration judge ordered Petitioner's case administratively closed on April 13, 2017. (*Id.*). The Government thereafter filed two motions to reopen Petitioner's proceedings which were denied in September 2017 and January 2018. (*Id.*).

On March 12, 2018, however, the Government located Petitioner and took him back into immigration detention pursuant to 8 U.S.C. § 1226(c). (*Id.*). Having arrested Petitioner, the Government filed a third motion to reopen Petitioner's removal proceedings, which was granted on May 11, 2018. (*Id.*). On June 20, 2018, Petitioner and his new attorney appeared for a hearing in his removal proceedings. (*Id.* at 7). At that hearing, the competency issue was again raised, at which point it was determined that a hearing on that issue was required pursuant to the Board of Immigration Appeals' decision in *Matter of M-A-M-*, 25 I&N Dec. 474 (2011). (Document 1 attached to ECF No. 4 at 7). Both parties were instructed to provide documentation as to the competency issue and a hearing was scheduled for August 2018. (*Id.*). At the June hearing, the immigration judge also noted that Petitioner's prior bond hearing, which occurred under the defunct decision in *Lora*, was no longer applicable, and that Petitioner was subject to mandatory detention under § 1226(c). (*Id.*). The parties appeared again on August 10, 2018, at which point Petitioner's attorney noted that Petitioner wished to have a psychological evaluation, but could not afford one. (*Id.* at 7-8). The immigration judge again instructed the parties to prepare documents on the competency issue, and scheduled a new hearing for September 13, 2018, at which point both the competency issue and Petitioner's request for relief from removal would be addressed. (*Id.*). As of the filing of the Government's answer in this matter, that hearing was still scheduled to occur, though it is not clear what, if anything, occurred at the hearing if it was held. (*Id.* at 8-

3

9).  What is clear, however, is that since being taken into custody in March, Petitioner has been detained pursuant to § 1226(c) for eight months.

**II. DISCUSSION**

**A. Legal Standard**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his petition, Petitioner contends that his ongoing detention pursuant to 8 U.S.C. § 1226(c) violates his right to Due Process as he has been held overlong without what he contends is meaningful progress in his removal proceedings or a bond hearing since being arrested once again in 2018.  This argument arises out of the Third Circuit decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015).  As this Court recently explained in *Dryden v. Green*, 321 F. Supp. 3d 496, 500-02  (D.N.J. 2018), both *Diop* and *Chavez-Alvarez* limited the length of time an alien

could be held without bond under § 1226(c) based on an application of the canon of constitutional avoidance – a use of the canon which the Supreme Court rejected in its recent decision in *Jennings v. Rodriguez*, 538 U.S. ---, ---, 138 S. Ct. 830, 846-47 (2018). Thus, the Supreme Court, in deciding *Jennings* abrogated the direct holdings of *Diop* and *Chavez-Alvarez*. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, --- F.3d ---, 2018 WL 4997934, at *4 (3d Cir. Oct. 16, 2018).

As both the Third Circuit and this Court have recognized, however, the abrogation of the constitutional avoidance holdings of *Diop* and *Chavez-Alvarez* did not rob those cases of all effect – "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Id.*; *see also Dryden*, 321 F. Supp. 3d at 502. Even after *Jennings*, it remains true that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234. Ultimately, the detention of an alien will rise to the level of an unconstitutional application of § 1226(c) where the alien's detention becomes so prolonged as to be "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. It is also the case, however, that "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute." *Chavez-Alvarez*, 783 F.3d at 476. Since *Jennings*, this Court and others in this District have applied this framework and have found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not usually

5

suffice to prove that the statute has been unconstitutionally applied. *See, e.g., Dryden*, 321 F. Supp. 3d 496, 500-03 (detention for just over a year not unconstitutional); *Charles A. v. Green*, No. 18-1158, 2018 WL 3350765, at *5 (same); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (detention for just over 13 months not unconstitutional). Significantly longer periods of detention, however, have been determined to be so prolonged as to be arbitrary without a bond hearing. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing); *C. A. v. Green*, No., 2018 WL 4110941, at *5-6 (D.N.J. Aug. 29, 2018) (detention of fifteen months in the absence of bad faith sufficient to warrant a bond hearing under the circumstances).

In this matter, Petitioner contends that his continued detention under § 1226(c) without a bond hearing violates Due Process because, despite the passage of several years since he was first placed into removal proceedings, the Government has failed to make what he believes to be meaningful progress towards a competency determination, and that his removal proceedings cannot proceed until this issue is addressed. However, Petitioner's argument largely ignores the fact that the greatest impediment to progress on that issue thus far has been Petitioner himself. Upon receiving the benefit of a bond hearing under *Lora* and being released on bond, Petitioner disappeared and ceased to appear for immigration hearings or inform his former counsel of his whereabouts. This disappearing act on Petitioner's part resulted both in the administrative closure of his case and the immigration judge preventing the Government from moving forward either with competency issues or a removal order in absentia. It is Petitioner himself, rather than any dilatory action on the Government's part, which has prevented forward movement in Petitioner's removal proceedings. According to the information available in the current record, the

Government and immigration court have attempted to move forward on the competency issue and towards a resolution of Petitioner's removal proceedings since the resumption of those proceedings in June 2018. On this record, given Petitioner's responsibility for his own absence from removal proceedings, this Court cannot conclude that Petitioner's continued detention for eight months pursuant to § 1226(c) has become so prolonged as to amount to an arbitrary deprivation of his right to Due Process. *Dryden*, 321 F. Supp. 3d 496, 500-03. Petitioner is therefore not entitled to a bond hearing and his petition is denied without prejudice.

**III. CONCLUSION**

For the reasons expressed above, this Court denies Petitioner's habeas petition without prejudice. An appropriate order follows.


Dated: November 19, 2018                *s/ Susan D. Wigenton*
                                        Hon. Susan D. Wigenton,
                                        United States District Judge